UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 23-cr-394-TNM |
| | : | |
| MICHAEL OWENS | : | |
| | : | |
| Defendant. | : | |

## MOTION TO SET CONDITIONS OF RELEASE AND REQUEST FOR HEARING

Defendant Michael Owens ("Mr. Owens"), by and through his attorneys, Michael E. Lawlor, Adam C. Demetriou, and Brennan, McKenna & Lawlor, Chtd., respectfully submits this Motion to Set Conditions of Release and Request for Hearing. In support of this Motion, counsel state the following.

### Introduction

Michael Owens is a 36-year-old father of five and a lifelong resident of the Washington, D.C. metropolitan area. His most recent prior conviction dates back nearly 10 years. Since his arrest at his home on November 29, 2023, Mr. Owens has been incarcerated at the D.C. jail. While the Government has charged Mr. Owens with serious drug offenses, Mr. Owens submits that there is ample evidence to rebut the presumption of detention in this case. An analysis of the 18 U.S.C. § 3142(g) factors reveals that there are conditions of release that can both reasonably assure

1

Mr. Owens' presence in court as required and the safety of the community. Mr. Owens respectfully requests that this Court schedule a detention hearing in this matter.

## Background

On November 9, 2023, the United States charged Mr. Owens and seven other co-defendants in a multi-count Indictment. (ECF No. 1.) Mr. Owens is charged with the following two offenses: conspiracy to distribute and possess with intent to distribute 400 grams or more of fentanyl (Count One); and conspiracy to distribute and possess with intent to distribute a detectable amount of cocaine (Count Two). Counts Three through Nineteen charge other defendants with various drug offenses.

On November 29, 2023, Mr. Owens was arrested at his home in connection with the Indictment. On November 30, 2023, Mr. Owens made his initial appearance in this Court before Magistrate Judge Upadhyaya. At that hearing, Mr. Owens consented to detention without prejudice to his right to seek a detention hearing before this Court at a later date. Since his arrest, Mr. Owens has been housed at the D.C. jail. Mostly recently, Mr. Owens appeared before the Court for a status conference on January 26, 2024. A further status conference is set for June 20, 2024.

## **ARGUMENT**

"The default position of the law . . . is that a defendant should be released pending trial." *United States v. Taylor*, 289 F. Supp. 3d 55, 62 (D.D.C. 2018) (Moss, J.) (citing *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010)).

The Bail Reform Act of 1984 mandates that pretrial detention is permissible only where:

> After a hearing pursuant to the provision of 18 U.S.C. § 3142(f) the judicial officer finds that *no condition or combination of conditions* will reasonably assure the appearance of the person as required and the safety of any other person and the community.

18 U.S.C. § 3142(e) (emphasis added). "To justify detention on the basis of dangerousness, the government must prove by 'clear and convincing evidence' that 'no condition or combination of conditions will reasonably assure the safety of any other person and the community.'" *United States v. Munchel*, 991 F.3d 1273, 1279–80 (D.C. Cir.), *judgment entered,* 844 F. App'x 373 (D.C. Cir. 2021) (citing 18 U.S.C. § 3142(f)). "[W]hen the government seeks pretrial detention of an individual on the ground that he poses a risk of flight, the standard it must satisfy is a preponderance of the evidence" *United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996) (citation omitted). In evaluating whether the Government has met its burden, courts consider the factors found at 18 U.S.C. § 3142(g), which include: (1) "the

3

nature and circumstances of the offense charged"; (2) "the weight of the evidence"; (3) "the history and characteristics" of the defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release."

The Bail Reform Act ultimately commands that district courts impose the "least restrictive further condition, or combination of conditions, that . . . will reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B).

Even in cases like Mr. Owens' where the Bail Reform Act creates a rebuttable presumption in favor of detention, that presumption operates merely to impose a burden of production on a defendant "to offer some credible evidence contrary to the statutory presumption." *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985). That burden of production, as this Court has recognized, is not heavy. *United States v. Lee*, 195 F.Supp.3d 120, 125 (D.D.C. 2016). Indeed, a defendant facing a rebuttable presumption of detention need only proffer "at least some evidence or basis to conclude that the case falls outside the congressional paradigm giving rise to the presumption." *Taylor*, 289 F. Supp. 3d at 63 (D.D.C. 2018) (internal citations omitted).

4

Here, Mr. Owens has come forward with ample evidence to rebut the presumption attached to the nonviolent offenses with which he is charged. Moreover, the Government has failed to proffer clear and convincing evidence of Mr. Owens' danger to the community. Mr. Owens respectfully submits that releasing him to the third-party custody of his fiancé's mother on conditions of 24/7 home detention with electronic location monitoring will adequately assure the safety of the community and Mr. Owens' presence in court as this case progresses.

### The Nature and Circumstances of the Allegations and Weight of the Government's Anticipated Proffer Pose No Barrier to Imposing Reasonable Conditions of Pretrial Release

Mr. Owens is alleged to have participated with several others in two separate nonviolent narcotics conspiracies, one involving fentanyl and the other involving cocaine. The Indictment in this case contains no detailed factual allegations as to Mr. Owen's conduct. Accordingly, the burden is on the Government to proffer with specificity the nature of its allegations and evidence as to *Mr. Owens' participation* in the two conspiracies. In other words, while there are several defendants charged in this case, this Court maintains "a grave constitutional obligation to ensure that the facts and circumstances" in Mr. Owens' individual case warrant continued detention. *United States v. Munchel*, 991 F.3d 1273, 1285 (D.C. Cir. 2021).

The charges at issue against Mr. Owens do not involve the use or possession of a firearm. There is no allegation that Mr. Owens engaged in any violent conduct in this case. The weight of the evidence against Mr. Owens is markedly weaker than it is against the other defendants charged in this case. There are no controlled purchases of narcotics from Mr. Owens. Mr. Owens is not associated with any seized shipments of narcotics. Mr. Owens anticipates that the Government will attempt to rely on intercepted telephone communications in which it contends Mr. Owens participated with Mr. Rogers. As an initial matter, the discovery in this case is voluminous and contains a number of intercepted phone calls. As to Mr. Owens, the Government has identified the calls in which it alleges he participated. There are approximately 220 such calls. However, the Government has not provided line sheets or draft transcripts of the calls. The only transcribed portions of calls allegedly involving Mr. Owens appear in various search warrant and wiretap applications.

Additionally, Mr. Owens anticipates that the Government will proffer that certain language used in the calls constitutes coded language indicative of drug trafficking. The Government has not yet identified any expert in coded language, nor has the Government provided information in discovery as to how it intends to prove that certain innocuous phrases are in fact indicative of drug dealing.

Courts have recognized that "the weight of the evidence is the least important of the various factors." *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). Furthermore, Congress has mandated that no provision of the Bail Reform Act "shall be construed as modifying or limiting the presumption of innocence." 18 U.S.C. § 3142(j). These factors, therefore, do not present a barrier to pretrial release. Mr. Owens anticipates that the Government's proffer will not come close to meeting the standard of clear and convincing evidence of his danger when considered in the context of his history and characteristics and the proposed conditions of release.

### Mr. Owens' History and Characteristics Demonstrate That His Release Pending Trial Would Not Pose a Danger to the Community

Mr. Owens is 36 years old. He was born and raised in the D.C. metropolitan area and has resided there and in Maryland his entire life. Mr. Owens is in a long-term relationship with his fiancé, Elissa Tomlinson. He is a dedicated father. Mr. Owens and Ms. Tomlinson share four children: a 6-year-old, a 3-year-old, and 10-month-old twins. Mr. Owens serves as a father figure to Ms. Tomlinson's older child from a previous relationship. Mr. Owens, Ms. Tomlinson, and their children were living together in Charles County, Maryland at the time of Mr. Owens' arrest. Ms. Tomlinson and the children have since relocated to the home of Ms. Elissa Tomlinson's mother, Ms. Charlissa Tomlinson. Charlissa Tomlinson is willing and

able to serve as Mr. Owens' third-party custodian in this case. Charlissa Tomlinson owns a home in Washington, D.C. where she has lived for 12 years. If released, Mr. Owens would live with Charlissa and Elissa Tomlinson and the children at this address. Mr. Owens has other significant family ties to the D.C. metropolitan area – both his father and his sister live in the area. While Mr. Owens does have prior convictions, they are dated. His most recent prior conviction dates back nearly 10 years.

Mr. Owens has been incarcerated in connection with this case for more than five months. He has faced difficult conditions of pretrial detention. Recently, an inmate on his housing unit was murdered. While Mr. Owens is devastated to be separated from his fiancé and young children, he has sought to remain productive. Mr. Owens has participated in a number of programs at the D.C. jail, including recovery academy and family first parenting. Earlier in April, Mr. Owens celebrated his graduation from the family first parenting program. As a reward for his graduation, he was permitted an in-person visit with Ms. Tomlinson and their children. Additionally, Mr. Owens maintains employment at the jail.

Mr. Owens' personal history and characteristics weigh heavily in favor of release. In light of his significant family ties, including his young children, there is

8

simply no evidence that Mr. Owens would fail to appear for court, cause harm to any member of the community, or otherwise pose any danger if released in this case.

### Strict Conditions of Pretrial Release Will Assure Mr. Owens' Appearance and the Safety of the Community

Mr. Owens respectfully submits that with conditions of 24/7 home confinement and location monitoring, he will be successful on pretrial release and the safety of the community will be reasonably assured. Ms. Charlissa Tomlinson has agreed to serve as Mr. Owens' third-party custodian. Ms. Charlissa Tomlinson is 59 years old. She is retired and spends most of her time at home. Ms. Elissa Tomlinson and her five children reside with Ms. Charlissa Tomlinson. There are no firearms in the home.[1] The proposed conditions will amply satisfy the goals of the Bail Reform Act.

### CONCLUSION

Mr. Owens has been incarcerated in this case for over five months. He is a lifelong resident of the D.C. area and a dedicated father of young children. He is charged with nonviolent offenses. This Court can and should impose conditions of

---

[1] The undersigned counsel will provide Ms. Charlissa Tomlinson's name and contact information to Pretrial Services. The undersigned counsel understand that Pretrial Services will not screen a potential third-party custodian absent a court order or scheduled hearing date.

9

release that will assure Mr. Owens' presence in court and the safety of the community. Mr. Owens respectfully requests a hearing on this Motion.

          Respectfully submitted,

          S/_____
          Michael E. Lawlor
          Adam C. Demetriou
          Brennan, McKenna & Lawlor, Chtd.
          6305 Ivy Lane, Suite 700
          Greenbelt, Maryland  20770
          (301) 474-0044

## CERTIFICATE OF SERVICE

I hereby certify that on this day, May 3, 2024, a copy of the foregoing was sent via ECF to the United States Attorney's Office for the District of Columbia.

s/_____
Michael E. Lawlor